FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 AUG -8 PM 2: 48

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WESLEY EUGENE DOLLAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 311-051 |
| ) | |
| FAIRVIEW HOSPITAL, C. PRESTON, ) | |
| Doctor, FAIRVIEW HOSPITAL ) | |
| NURSING STAFF, and NURSE MISSY, ) | |
| ) | |
| Defendants. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] In the Report and Recommendation, the Magistrate Judge determined that Plaintiff should not be allowed to proceed *in forma pauperis* ("IFP") because he had accumulated three strikes against him under 28 U.S.C. § 1915(g) and could not satisfy the dictates of the "imminent danger" exception to that statute; the Magistrate Judge also concluded that even if Plaintiff were allowed to proceed IFP, the case should be dismissed without prejudice as a sanction for abusing the judicial process by providing dishonest information about his filing history.

---

[1] The Clerk of Court docketed Plaintiff's objections as an appeal to the District Court of the Magistrate Judge's decision. (Doc. no. 6.) However, the filing was clearly intended as Plaintiff's objection to Magistrate Judge's recommendation for dismissal. (See, e.g., id. at 2 ("The Plaintiff does object to Judge W. Leon Barfield's decision with this Notice of Appeal.").)

(Doc. no. 4, pp. 2-7.) The bulk of Plaintiff's objections merely rehash his alleged claims against Defendants, and he offers nothing to undermine the dual-basis for the Magistrate Judge's recommendation for dismissal.[2] Thus, the objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request to proceed IFP is **DENIED**, and this case is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this ___ day of August, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court is aware of Plaintiff's assertion that on July 20, 2011, the Eleventh Circuit Court of Appeals ruled that Plaintiff's appeal in Dollar v. Coweta County Sheriff's Office, No. 11-11285-B (11th Cir. July 20, 2011) was not frivolous. (Doc. no. 6, p. 4.) However, the Magistrate Judge did not count that appeal as a strike. Rather, the Magistrate Judge cited the dismissal of the underlying case by the district court as a strike because the Honorable Willis B. Hunt, Jr., United States District Judge, dismissed the case as frivolous. (Id. at 2 (citing Wesley E. Dollar v. Coweta County Sheriff's Office, CV 310-070 (N.D. Ga. Feb. 28, 2011).) To date, that ruling by Judge Hunt has not been reversed. Moreover, the notice of appeal in that case was filed on March 21, 2011, prior to the date Plaintiff accumulated one of his strikes cited by the Magistrate Judge, Dollar v. Carter, No. 10-15195-A (11th Cir. Apr. 15, 2011). Thus, Plaintiff's eligibility to proceed IFP on the 11th Circuit appeal allowed to go forward on July 20th was not determined on the same factors at issue here. In any event, even if the underlying dismissal were to eventually be reversed, that does nothing to change the analysis that this case is also subject to dismissal based on Plaintiff's dishonesty concerning his prior filing history.